IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PABLO GARCIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| VS. | ) |
| | ) 3:23-CV-1228-G |
| FIESTA MART, L.L.C., ET AL., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

Before the court is the first amended motion for summary judgment of the defendants Fiesta Mart, LLC, Bodega Latina Corporation d/b/a Fiesta Mart Store #71, and Bodega Latina Beverage Holdings d/b/a Fiesta Mart #71, LLC (collectively, "Fiesta Mart" or "the defendants") (docket entry 29). For the reasons discussed below, the motion is granted.

I. BACKGROUND

This case concerns a slip-and-fall accident in the food court area of a grocery store in Dallas, Texas. *See generally* Plaintiff's First Amended Petition ("Petition") (docket entry 9). On July 6, 2021, the plaintiff Pablo Garcia ("Garcia") ordered lunch at a Fiesta Mart grocery store located at 3434 West Illinois Avenue in Dallas, Texas. *Id*. ¶ 9; *see also* Brief in Support of Plaintiff's Response to Defendant's [sic] First Amended Motion for Summary Judgment ("Response") (docket entry 33) at 4.

After consuming a portion of his lunch at a table in the store, Garcia stood up to return to the counter to purchase more tortillas and slipped on a "watery-liquidy substance" ("the liquid") allegedly on the floor. Petition ¶ 9. As a result, Garcia claims that he sustained injuries and damages. *Id*. ¶ 18. There are two hypothetical possible sources for the alleged liquid on which Garcia slipped – either (1) as Garcia insists, he did not spill his own drink or (2) as Fiesta Mart asserts, Garcia spilled his own drink and then fell in the resulting liquid. *See generally* Response; Brief in Support of Defendants' First Amended Motion for Summary Judgment ("Motion") (docket entry 30).

On April 17, 2023, Garcia filed suit in the County Court of Law No. 2 of Dallas County, Texas, and amended his petition on April 26, 2023. *See generally* Plaintiff's Original Petition, *attached to* Notice of Removal ("Notice") (docket entry 1); Petition. Garcia asserts claims for negligence and premises liability based on his fall at the Fiesta Mart store. *See generally* Petition.

On May 26, 2023, Fiesta Mart, LLC removed the case to this court on the basis of diversity of citizenship jurisdiction, *see* Notice ¶ 4, and now moves for summary judgment, *see generally* Motion. Fiesta Mart argues that whether Garcia slipped in a "liquid puddle that [was or] was not of his own creation[,]" it is entitled to summary judgment. Motion at 14; *see also* Brief in Support of Defendants' Reply to Plaintiff's Response to Defendants' First Amended Motion for Summary Judgment ("Reply") (docket entry 36) at 6. Although Garcia disputes that he is the source of

the spill, the court need not decide which version of the events is more credible to determine whether Fiesta Mart has met its burden of production.

## II.  ANALYSIS

### A.  Legal Principles

#### 1.  *Evidentiary Burdens on Motion for Summary Judgment*

Summary judgment is proper when the pleadings, depositions, admissions, disclosure materials on file, and affidavits, if any, "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a), (c)(1).[1]  A fact is material if the governing substantive law identifies it as having the potential to affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; see also *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) ("An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham.").  To demonstrate a genuine issue as to the material facts, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Company v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986).  The nonmoving

---

[1] Disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986).

party must show that the evidence is sufficient to support the resolution of the material factual issues in his favor. *Anderson*, 477 U.S. at 249 (citing *First National Bank of Arizona v. Cities Service Company*, 391 U.S. 253, 288-89 (1968)).

When evaluating a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party. *Id.* at 255 (citing *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 158-59 (1970)). However, it is not incumbent upon the court to comb the record in search of evidence that creates a genuine issue as to a material fact. See *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). The nonmoving party has a duty to designate the evidence in the record that establishes the existence of genuine issues as to the material facts. *Celotex Corporation v. Catrett*, 477 U.S. 317, 324 (1986).

2. *Premises Liability Under Texas Law*

A plaintiff who qualifies as an invitee (*i.e.*, "one who enters on another's land with the owner's knowledge and for the mutual benefit of both"), *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex. 1975) (citations omitted), must prove the following elements to succeed on a premises liability claim against the owner:

    (1)    Actual or constructive knowledge of a condition on the premises by the owner or occupier;

    (2)    That the condition posed an unreasonable risk of harm;

    (3)    That the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and

>  (4) That the owner or occupier's failure to use such care proximately caused the plaintiff's injury.

*CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000) (citations omitted); see also *Wilson v. Wal-Mart Stores Texas, LLC*, No. 4:22-CV-4454, 2024 WL 2806172, at *1 (S.D. Tex. May 31, 2024) (adding an element "that the condition was concealed (i.e. not 'open and obvious')").

A landowner's premises liability duty is "to make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not." *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 203 (Tex. 2015); see also *Maldonado v. AEP Texas Inc.*, 681 F. Supp. 3d 704, 709 (S.D. Tex. 2023) ("Under Texas law, when a hazardous condition is 'open and obvious or known to the invitee,' the duty to warn ceases to exist because open and obvious hazards are equally discoverable by landowners and invitees alike.").[2]

Fiesta Mart does not contest Garcia's status as an invitee. *See generally* Motion. Fiesta Mart maintains, as a matter of law, it is entitled to summary judgment because Garcia cannot satisfy a threshold element – *viz.*, that Fiesta Mart had actual or constructive knowledge of a condition on the premises by the owner or occupier that caused the incident – of his premises liability cause of action. *Id*. at 8-12. A plaintiff

---

[2] "Whether a danger is open and obvious is a question of law determined under an objective test. . . . Under the objective standard, the question is not what the plaintiff subjectively or actually knew but what a reasonably prudent person would have known under similar circumstances." *Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 788 (Tex. 2021) (citations omitted).

can satisfy the first element of a premises liability claim by demonstrating either the premises owner's actual or constructive knowledge of a dangerous condition. *Keetch v. Kroger Company*, 845 S.W.2d 262, 265 (Tex. 1992). In slip-and-fall cases, a plaintiff establishes actual knowledge by proving "the defendant placed the substance on the floor [or] actually knew that the substance was on the floor . . . ." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). Constructive knowledge requires a showing that "it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Id.* A prerequisite to proving an "owner's constructive knowledge of a hazardous condition [is] show[ing] that the hazardous condition existed for some definite length of time." *Sturdivant v. Target Corporation*, 464 F. Supp. 2d 596, 602 (N.D. Tex. 2006) (Lynn, J.) (citing *Reece*, 81 S.W.3d at 815). "Texas adopted this 'time-notice' rule because 'temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition.'" *Id.* (quoting *Reece*, 81 S.W.3d at 816).

B. <u>Application</u>

1. *Negligence Claim*

Garcia does not dispute that Fiesta Mart is entitled to summary judgment on Garcia's negligence claim as a matter of law because his allegation arises out of an injury by a condition of the premises – thereby limiting him to a premises liability cause of action. Motion at 5-6; Response at 4. The court agrees. See *Robles v. Ross Stores, Inc.*, No. 3:16-CV-0086-B, 2017 WL 2306527, at *2-*4 (N.D. Tex. May 26,

2017) (Boyle, J.). Accordingly, Fiesta Mart's motion for summary judgment on Garcia's negligence claim is granted.

### 2. *Premises Liability Claim*

While customer incident reports prepared on the day of the accident indicate that Garcia spilled his own drink, *see* Appendix to Defendants' Reply to Plaintiff's Response to Defendant's [sic] [Amended] Motion for Summary Judgment[3] ("Defendants' Appendix") (docket entry 31) at 93, 94, Garcia contends that he neither spilled liquid nor saw anyone else spill, *see* Response at 6; Defendants' Appendix at 96-97, and moves to strike the customer incident reports as inadmissible hearsay, *see* Response at 6. Fiesta Mart failed to respond to Garcia's motion to strike. Accordingly, no opposition to the motion to strike having been filed, Garcia's motion is granted, and the customer incident reports are hereby stricken from the record.

In his brief in opposition to Fiesta Mart's motion, Garcia maintains that he has raised a genuine issue of material fact as to whether Fiesta Mart had actual knowledge of the alleged liquid, citing the deposition testimony of Fiesta Mart's corporate representative Rodney Lee ("Lee"). Response at 5. When questioned

---

[3] Fiesta Mart incorrectly entitled its appendix filed in support of its *amended motion* for summary judgment (docket entry 31) as an appendix to its *reply* to the plaintiff's response to Fiesta Mart's *motion* for summary judgment. In addition, Fiesta Mart failed to number pages of its appendices, *see* docket entries 31 and 37, in violation of N.D. TEX. CIV. R. 56.6(b)(3) ("Each page of the appendix must be numbered legibly in the lower, right-hand corner."). Thus, when referencing Fiesta Mart's appendix filed in support of its amended motion for summary judgment (docket entry 31), the court cites to the page number generated by ECF at the top of each page.

about the customer incident reports and his understanding of the events surrounding Garcia's slip and fall, as well as in response to hypothetical scenarios, Lee testified about Fiesta Mart's general policies regarding safety, cleanliness, and general expectations of employees to examine store areas and to react to spills "as expediently as we can[.]" *See* Defendants' Appendix at 84; see also *id*. at 72-97. When questioned about the day of the incident, Lee recited hearsay and facts of which he had no personal knowledge and testified that he did not know how long that the liquid was left on the ground. See, *e.g.*, *id*. at 84 ("I'm not sure the timeline . . . ."). Fiesta Mart argues that if Garcia relies on Lee's testimony, then "Fiesta [Mart] was not in a better position to know about the spilled drink than Plaintiff." Motion at 13-14; *see also* Reply at 12. Garcia has proffered no evidence that a Fiesta Mart employee placed the liquid on the ground or sufficient evidence that Fiesta Mart had actual knowledge of the alleged liquid. See *Reece*, 81 S.W.3d at 814.

    Garcia thus must demonstrate Fiesta Mart's constructive knowledge, which first requires proving a length of time the substance was on the ground. Under Texas law, this showing requires a plaintiff to present evidence of how long the condition existed prior to his fall; absent such evidence, the defendant is entitled to summary judgment. See *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936-38 (Tex. 1998). Fiesta Mart directs the court to the deposition testimony of Garcia, in which he stated that he did not see a liquid substance on the ground before he fell, did not know how the liquid came to be on the ground, how long the liquid had been on the

ground, and did not think that a Fiesta Mart employee or customer had noticed the liquid. Motion at 10-11; *see also* Defendants' Appendix at 15-17, 35-37. *After* Fiesta Mart deposed Garcia, in his affidavit, Garcia attested for the first time that he "was in the area where [he] fell for about 22 to 27 minutes" before he slipped and fell and did see any employee inspect or clean the area during that time period. Defendants' Appendix at 96-97. Garcia admits that this statement "about the length of time the substance was on the floor is the only evidence before the Court to show how much time passed[.]" Response at 10.

Assuming *arguendo* that Garcia's affidavit does not fall under the sham affidavit doctrine as Fiesta Mart suggests,[4] *see* Reply at 10, Garcia offers these statements, as well as the close proximity of the alleged liquid on the ground to a Fiesta Mart employee operating a cash register, as temporal evidence that Fiesta Mart had ample time to warn Garcia of the condition, as well as to detect, reduce, and eliminate the liquid on the ground before Garcia slipped and fell. *See generally* Response. By failing to do so, Garcia argues that Fiesta Mart, having constructive knowledge of the condition, breached its duties to warn Garcia of that condition and to take reasonable care to reduce or eliminate the risk to Garcia. *Id*.

---

[4] The sham affidavit doctrine prevents parties from being able to "defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony." *S.W.S. Erectors, Inc. v. Infax, Inc*., 72 F.3d 489, 495 (5th Cir. 1996) (citations omitted). But when an affidavit "merely supplements rather than contradicts prior deposition testimony, the court may consider the affidavit when evaluating genuine issues in a motion for summary judgment." *Id*. at 496 (citation omitted).

The record reflects that neither Fiesta Mart nor Garcia had knowledge of how long the liquid had been on the ground, and Garcia has not established that the period of time between a spill and his fall amounted to reasonable time and fair opportunity for Fiesta Mart to warn of or to remedy the condition. A "mere speculative, subjective opinion" as to how long a condition has been on the ground is not sufficient. *Gonzalez*, 968 S.W.2d at 937-38. Garcia's evidence includes mere conjecture elicited from hypothetical questions asked at a deposition and Garcia's own unsubstantiated assertions. See *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003) ("Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment.") (citations omitted). Here, regardless of whether or not Garcia himself spilled the liquid, he does not provide competent evidence of *when* the liquid was spilled on the ground or how long it had been there. See *Tientcheu v. Chedraui USA, Inc.*, No. CV H-23-0908, 2024 WL 1808637, at *2 (S.D. Tex. Apr. 25, 2024) ("Under *Gonzalez*, [968 S.W.2d at 937-38], Plaintiff's testimony cannot support an inference of how long the liquid had been on Defendant's floor."). Thus, Garcia has failed to establish Fiesta Mart's constructive knowledge. See, *e.g.*, *Gonzalez*, 968 S.W.2d at 936-38.

Because Garcia has not established a genuine issue of material fact regarding the knowledge element – an essential element of his premises liability claim –

summary judgment for Fiesta Mart is proper.[5] Because he will bear the burden of proof at trial, this lack of evidence is fatal. *Celotex*, 477 U.S. at 322-23. Accordingly, Garcia's premises liability claim fails as a matter of law, and Fiesta Mart's motion for summary judgment is granted.

### III. CONCLUSION

For the reasons discussed above, the defendant's motion for summary judgment is **GRANTED**. Judgment will be entered for Fiesta Mart.

**SO ORDERED**.

March 31, 2025.

_____
**A. JOE FISH**
**Senior United States District Judge**

---

[5] In addition, Garcia has presented no competent evidence to raise a fact issue as to whether the condition was objectively open and obvious, *see* Response at 9-10, thus negating Fiesta Mart's duty to make safe or to warn of the condition, see *Robles*, 2017 WL 2306527, at *8, and has not demonstrated that Fiesta Mart failed to exercise reasonable care to reduce or eliminate the risk posed by the spill or that Fiesta Mart's conduct proximately caused the incident in which Garcia was injured.